UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**KENNETH GLOVER JR.,**
 Plaintiff,

v.

**AMERICA'S FIRST FEDERAL CREDIT UNION,**
 Defendant.

Case No. 4:24-cv-1168-CLM

## MEMORANDUM OPINION

Pro se Plaintiff Kenneth Glover Jr. sues America's First Federal Credit Union ("AFFCU") for race discrimination and retaliation under Title VII, the ADEA, and the ADA. (Doc. 1). In response, AFFCU asks the court to dismiss all claims. (Doc. 9). For the reasons explained below, the court **GRANTS** AFFCU's request and **DISMISSES WITHOUT PREJUDICE.**

## BACKGROUND

Because Glover is defending against a motion to dismiss, the court takes his pleaded facts as true. *Crowder v. Delta Air Lines, Inc.,* 963 F.3d 1197, 1202 (11th Cir. 2020). And because Glover is proceeding pro se, the court liberally construes his pleading. *United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024).

### 1. Pre-Internal Complaint

Glover is a black man. He worked in AFFCU's marketing department from 2006 to 2022. Glover's job included tasks like:

- Designing advertisements and logos,
- Designing debit cards,
- Creating brochures and print material,
- Business development and community engagement,

- Controlling the commercial printer, and
- Website design.

Glover's experience and knowledge earned him favorable performance evaluations and the responsibility of training other employees, including employees holding higher ranking positions than his. For instance, AFFCU promoted Kyle McDougal (a white man) in 2016 to a supervisor position and tasked Glover with training McDougal. Awkwardly, Glover applied for and was denied the promotion McDougal received.

### 2. Internal Complaint and Thereafter

Phil Boozer is AFFCU's Vice President of Marketing. Glover alleges that "[a]n incident happened with [] Phil Boozer . . . [causing Glover to] file[] a complaint against him for his behavior . . ." (Doc. 1-1, p. 5). Glover claims that "[m]onths later after that incident happen[ed] my responsibilities and duties of handling and maintaining the website, digital signage and social media privileges were all taken away and giv[en] to Rebecca Wood [a] White female." (*Id.*). As with McDougal, Glover claims he "was forced" to train Wood on her newly assigned tasks. *Id.* Less than a year later, Wood received a promotion to Team Leader of the marketing department.

The Boozer incident marked a turning point in Glover's perceived treatment by AFFCU. Glover claims he began feeling ostracized and not welcome in marketing meetings he once regularly attended. Glover also claims AFFCU continued to pass him over for promotions even after Glover began working with a leadership mentor within AFFCU. In addition to McDougal, Glover lost a second promotion to Daniel Holmes, another white man. Glover trained Holmes on his newly acquired supervisory tasks.

Glover's work-related issues came to a head when he took a multi-week vacation after AFFCU hired Holmes. Glover claims HR approved his time off; AFFCU informed Glover on the first day of his vacation that HR never approved the vacation time. When Glover returned, he was confronted by an HR representative, Holmes, and Boozer. Glover requested and was denied an "advocate" at this meeting, which ended with Glover receiving a disciplinary write up. (*Id.*, p. 6). Glover "strongly believe[d] [he] did nothing wrong [or] nothing differently [he hadn't] done the past 16 years when getting []vacation time approved." (*Id.*). Glover ultimately left AFFCU.

In this case, Glover claims AFFCU made a concerted effort to retaliate and discriminate against him based on race in violation of Title VII. Glover also puts forth claims under the ADA and ADEA. In response, AFFCU asks the court to dismiss all claims.

## STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

## ANALYSIS

AFFCU asks the court to dismiss on three grounds: (1) failure to timely perfect service, (2) failure to exhaust administrative remedies, and (3) failure to state a claim. *See* (doc. 9). The court will address each argument in that order.

### 1. Failure to Timely Perfect Service

AFFCU first asks the court to dismiss under Rule 4 for failure to timely perfect service. Fed. R. Civ. Pro. 4(m) (granting plaintiffs 90 days to perfect service from the time of filing). Glover filed his complaint on August 27, 2024 and didn't serve AFFCU until January 16, 2025, more than 90 days later. (Doc. 1); (doc. 5). Yet the court has discretion to extend the window for service upon a showing of good cause. Fed. R. Civ. Pro. 4(m). Because Glover has proceeded pro se since filing, and because Glover has now properly served AFFCU, the court finds good cause to excuse his lack of compliance with the 90-day service window. The court thus **DENIES** AFFCU's motion to dismiss on service grounds.

### 2. Failure to Exhaust Administrative Remedies

Before bringing a lawsuit under Title VII, the ADA, or the ADEA, a plaintiff must first file a Charge of Discrimination with the EEOC. *Gregory v. Georgia Dept. of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999); *Anderson v. Embarq/Sprint*, 379 Fed. Appx. 924, 926 (11th Cir. 2012). This exhaustion requirement ensures that the EEOC has "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983). To enforce this requirement, the Eleventh Circuit limits complaints alleging discrimination to the EEOC investigation that can "reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n. 8 (11th Cir. 1994) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970)).

A. <u>ADA and ADEA:</u> AFFCU claims the court should dismiss Glover's ADA and ADEA claims because Glover failed to exhaust his administrative remedies. (Doc. 9, p. 6–8). The court agrees. Glover's EEOC Charge of Discrimination contains no mention of Glover's age,

disability, or alleged discrimination based on age or disability. *See* (doc. 9-1, p. 30).[1] Glover's EEOC Charge contains no facts that might reasonably lead an EEOC investigator to suspect age or disability discrimination. No EEOC investigation could "reasonably be expected to grow out of the charge of discrimination." *Mulhall*, 19 F.3d at 589 n. 8. The court thus **DISMISSES** Glover's ADA and ADEA claims **WITHOUT PREJUDICE**. Even though this dismissal is without prejudice, the court will not allow Glover a chance to replead these claims. Because Glover has failed to exhaust his administrative remedies, he could not state a plausible ADA or ADEA claim by repleading.

B. <u>Title VII</u>: Unlike age and disability, Glover includes details of race discrimination in his EEOC Charge. *See* (doc. 9-1, p. 30). So dismissing Glover's Title VII claim for failure to exhaust is inappropriate. AFFCU instead asks the court to dismiss Glover's Title VII claim for violating the EEOC's 180-day filing deadline. (Doc. 9, p. 8–9). The court **DENIES** AFFCU's request because Glover complied with the filing deadline. Glover filed his Charge with the EEOC on December 9, 2022 and lists the earliest date of discrimination as June 24, 2022—168 days before filing. (Doc. 9-1, p. 30). Though Glover's Charge of Discrimination references incidents in 2016, Glover may include events outside the 180-day window to provide background and context for his claims falling within the filing window. Because Glover uses the 2016 occurrences as mere support for his Title VII claims, the court **DENIES** AFFCU's motion to dismiss. The court will not, however, consider as standalone claims any discrete acts of discrimination occurring more than 180 days before Glover filed his EEOC Charge. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

---

[1] The court considers Glover's EEOC Charge because it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of America Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). When both elements are met, district courts may consider information outside the complaint when ruling on a motion to dismiss without converting the motion to dismiss into a summary judgment motion. *Id.*

5

### 3. Failure to Plausibly State a Claim

Finally, AFFCU asks the court to dismiss Glover's Title VII claim for failing to meet the requirements of Rule 8. (Doc. 9, p. 4–6). Because Glover's Title VII claims do not satisfy the pleading standard, the court **GRANTS** AFFCU's request.

Glover's complaint asserts retaliation and race discrimination under a failure to promote theory. (Doc. 1, p. 5). The court now explains the requirements of adequately pleading both claims and how Glover failed to do so.

a. Race Discrimination: At the motion to dismiss stage, a complaint need only contain "well-pleaded factual allegations [that] plausibly suggest that the plaintiff suffered an adverse employment action due to intentional racial discrimination." *Surtain v. Hamil Terrace Found.*, 783 F.3d 1239, 1246 (11th Cir. 2015). Glover's complaint contains no facts suggesting AFFCU treated him a certain way because of his race. Glover's Title VII race discrimination claim thus fails to meet the Rule 8 pleading standard.

b. Retaliation: "It is well established in [the Eleventh] circuit that to successfully allege a prima facie retaliation claim under [] Title VII . . . a plaintiff must show that (1) []he engaged in statutorily protected expression; (2) []he suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002). Glover's retaliation claim fails on the first and third elements.

First, Glover fails to plausibly allege that he engaged in protected activity. Glover's EEOC charge indicates that he "made a formal complaint to HR" after Boozer behaved "unruly and disrespectful to [Glover] in front of the staff." (Doc. 9-1, p. 30). But Glover doesn't explain the substance of his internal complaint (*i.e.,* what he complained about). (*Id.*). Internal complaints can constitute protected activity under Title VII. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018). But

without knowing *what* Glover complained of, it's impossible to tell if he had the required "good faith, reasonable belief that [AFFCU / Boozer] was engaged in unlawful employment practices." *Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997). Claiming that Glover lodged an internal complaint without more is insufficient to plausibly assert engagement in protected activity.

Even if Glover sufficiently alleged engagement in protected activity, he still failed to plausibly allege the engagement was related to his termination. Glover never tells the court when he filed his internal complaint (*i.e.,* how much time passed between protected activity engagement and termination) or if Holmes or Boozer knew about the complaint. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) ("The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal proximity, without more, must be very close. A three-to-four-month disparity between the statutorily protected expression and the adverse employment action is not enough.") (internal citations and quotations omitted); *Entrekin v. City of Panama City Florida*, 376 Fed. Appx. 987, 996 (11th Cir. 2012) ("In the absence of close temporal proximity, a plaintiff may establish causation by showing that her employer knew of a protected activity, and that a series of adverse employment actions commenced shortly thereafter."). Without evidence of temporal proximity or knowledge, Glover can't plausibly plead causation. Glover thus fails to sufficiently allege his termination was related to his internal complaint.

Glover's Title VII claim fails under Rule 8. Because this is Glover's first shot at pleading, the court **DISMISSES WITHOUT PREJUDICE**. Should Glover choose to replead his Title VII claims, he should take note of the pleading deficiencies highlighted above.

7

If Glover chooses to amend his complaint, the amended complaint must satisfy the requirements of Federal Rules of Civil Procedure 8 and 10. That means that each count in the amended complaint should include no more than one discrete claim for relief and identify which Defendants Glover is bringing that claim against. The counts in the amended complaint must also set forth each claim in a short, plain statement alleging the who, what, when, and where of the claim; referencing the statute, law, or constitutional provision under which each separate claim is brought; and specifying the relief sought under each separate claim.

## CONCLUSION

In sum, Glover's ADEA and ADA claims are **DISMISSED WITHOUT PREJUDICE** for failing to exhaust his administrative remedies. Because repleading either of these claims is futile, the court does not grant Glover leave to amend them.

The court also **DISMISSES WITHOUT PREJUDICE** Glover's Title VII discrimination and retaliation claims for failing to meet the pleading standard. With more artful pleading Glover could state a claim under Title VII, so the court will allow him *one* chance to replead his race discrimination and retaliation claims. If Glover wishes to replead, his amended complaint is due on or before **September 19, 2025**. Failure to timely file an amended complaint or fix these pleading deficiencies will result in the court dismissing this case.

**Done** and **Ordered** on August 29, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE