FILED

2026 Aug-11  PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**KENNETH GLOVER, JR.**,
    Plaintiff,

vs.

**Case No. 4:24-cv-1168-CLM**

**AMERICA'S FIRST FEDERAL CREDIT UNION**,
    Defendant.

## <u>MEMORANDUM OPINION</u>

Kenneth Glover, Jr., who is proceeding pro se, sues his former employer America's First Federal Credit Union ("AFFCU"). The court granted AFFCU's motion to dismiss Glover's original complaint but gave Glover one chance to replead his claims. (*See* Docs. 17 & 18). Glover responded by filing a declaration, which the court has construed as his amended complaint. (Docs. 19 & 20). AFFCU once again moves for dismissal (doc. 21). As explained below, the court **GRANTS** AFFCU's motion (doc. 21) and **DISMISSES** Glover's complaint **WITHOUT PREJUDICE** for failing to comply with the court's instructions on how to satisfy the requirements of Federal Rules of Civil Procedure 8 and 10.

## BACKGROUND

1. *Original complaint*: In his original complaint, Glover brought claims under the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), and Title VII. (Doc. 1). The court dismissed Glover's ADA and ADEA claims for failure to exhaust administrative remedies and his Title VII discrimination and retaliation claims for failing to plausibly state a claim for relief. (*See* Doc. 17). Though the court gave Glover leave to amend his Title VII claims, the court warned Glover that his amended complaint must comply with the Federal Rules of Civil Procedure's requirements:

> If Glover chooses to amend his complaint, the amended complaint must satisfy the requirements of Federal Rules of Civil Procedure 8 and 10. That means that each count in the amended complaint should include no more than one discrete claim for relief and identify which Defendants Glover is bringing that claim against. The counts in the amended complaint must also set forth each claim in a short, plain statement alleging the who, what, when, and where of the claim; referencing the statute, law, or constitutional provision under which each separate claim is brought; and specifying the relief sought under each separate claim.

(*Id.*, p. 8). And the court noted that "[f]ailure to timely file an amended complaint or fix these pleading deficiencies will result in the court dismissing this case." (*Id.*).

2. *Amended complaint*: Glover did not file an amended complaint by the deadline set forth in the court's memorandum opinion. Instead, he filed a "Declaration of Kenneth Glover Jr. in Support of Plaintiff's Claims." (Doc. 19). The declaration alleges that while working for AFFCU Glover experienced (1) verbal harassment and intimidation by his supervisor, Mr. Boozer; (2) forced training and retaliatory denial of promotion; (3) denial of a fair interview for a supervisor position and disruption of approved leave; and (4) denial of representation at a meeting with HR and formal written reprimand related to a vacation that Glover contends had been pre-approved. (*Id.*, pp. 1–3). The declaration concludes by asserting that Glover was bringing claims of "unlawful discrimination and retaliation under Title VII of the Civil Rights Act." (*Id.*, p. 3).

Because Glover is proceeding pro se, the court has liberally construed his declaration as an amended complaint. (Doc. 20). AFFCU once again moves to dismiss, asserting that (among other reasons) the court should dismiss Glover's claims because his declaration disregarded the court's instructions on how to plead his claims and failed to comply with the Federal Rules of Civil Procedure and this court's memorandum opinion. (Doc. 21, pp. 4–5, 7).

## STANDARD OF REVIEW

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). And Rule 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Because Glover is proceeding pro se, the court must construe his complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed pro se is 'to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."(citations omitted))). But Gover's complaint is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## DISCUSSION

The court agrees with AFFCU that Glover's declaration fails to comply with the court's instructions on how to plead claims that satisfy Rules 8 and 10's requirements. In his declaration, Glover details many issues that he had with his employment at AFFCU. He then explains that "[t]aken together—including being denied promotions, forced to train employees who were then promoted over me, subjected to verbal abuse by a supervisor, excluded from workplace activities, and reprimanded for taking approved leave—I believe I was subjected to a hostile work environment and unlawful retaliation for engaging in protected activity under Title VII." (Doc. 19, p. 3).

But Glover's declaration includes only a narrative of each of the alleged acts that he contends were discriminatory:

3

**2. Forced Training and Retaliatory Denial of Promotion**

8. I was then directed to train a new employee, Ms. Woods, in the responsibilities of the department. This training required approximately one to two hours of my time each day for about one month.

9. After I completed Ms. Woods's training, she was promoted to a department lead position — a role for which I was never seriously considered, despite my years of service, training experience, and qualifications.

**3. Denial of Fair Interview and Disruption of Approved Leave**

10. Shortly after I filed a formal complaint with the Equal Employment Opportunity Commission (EEOC), a supervisor position became available within my department. I applied for the position.

11. I was informed by Human Resources that I had missed the internal posting deadline, and that I would need special approval from Mr. Boozer to be interviewed.

12. Mr. Boozer granted permission for an interview; however, I was informed that this was done merely as a courtesy and that the position had already been filled.

13. After not receiving the position, I experienced significant emotional distress and requested vacation time to recover.

14. I had accrued an additional week of vacation and submitted a request to use it. My new supervisor approved the vacation, and I provided approximately one month of advance notice.

(*See, e.g.*, Doc. 19, p. 2).

It does not include counts that identify discrete claims for relief. Nor does Glover explain which alleged acts he attributes to discrimination and which alleged acts he attributes to retaliation or whether he attributes all acts described in the declaration to both discrimination and retaliation. To be sure, Glover fails to separate out or identify his claims in any way. Thus, Glover has not followed the court's instructions to "set forth each [of his] claim[s] in a short, plain statement alleging the who, what, when, and where of the claim; referencing the statute, law, or constitutional provision under which each separate claim is brought; and specifying the relief sought under each separate claim." (Doc. 17, p. 8). Because Glover did not comply with the court's instructions or Rules 8 and 10's requirements, the court will grant AFFCU's motion to dismiss his amended complaint (doc. 21).

4

In his response brief, Glover requests leave to file a second amended complaint if the court finds that his current complaint is deficient. A pro se plaintiff must ordinarily be given one chance to amend his complaint before the court dismisses an action. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). The court gave Glover that chance when it dismissed Glover's original complaint without prejudice and allowed him to refile his Title VII claims. But Glover failed to follow the court's instructions on how to file a complaint that complied with the Rule's requirements. And the court warned Glover that failure to "fix [his] pleading deficiencies [would] result in the court dismissing this case." (Doc. 17, p. 8). So the court finds that Glover isn't entitled to a third opportunity to try to craft a complaint that complies with the Federal Rules of Civil Procedure and this court's instructions. The court will thus enter a separate order that closes this case.

## CONCLUSION

For these reasons, the court **GRANTS** AFFCU's motion to dismiss (doc. 21). The court will enter a separate order of dismissal that carries out this ruling and closes this case.

**DONE** and **ORDERED** on August 11, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE

5